**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
(3:99CR21-V)**

| | | |
|---|---|---|
| **LUTHER JENKINS, IV,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the petitioner's document captioned as a "Place Holder Motion Challenging Subject Matter Jurisdiction Pursuant To Title 28 U.S.C. §1331," filed January 18, 2006.  For the reasons stated here, the petitioner's so-called Place Holder Motion will be <u>denied</u>

A review of the underlying criminal record reflects that on April 28, 1999, the petitioner appeared before the Court and tendered guilty pleas to charges of possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count Two), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1) (Count Three).

Next, on September 28, 1999, the Court granted the government's Motion for Downward Departure under U.S. Sentencing

Guidelines §5K1.1, and then sentenced the petitioner to a total of 262 months imprisonment for his two convictions. Although the petitioner initially gave a timely notice of appeal, he subsequently filed a Motion to voluntarily dismiss his appeal. Therefore, on December 2, 1999, the Fourth Circuit Court of Appeals granted the petitioner's Motion, and dismissed his appeal.

Next, on September 22, 2000, the petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 (see Jenkins v. United States, 3:00CV476-V)). However, on January 21, 2003, the petitioner's Motion to Vacate was dismissed with prejudice. The petitioner appealed that decision to the Fourth Circuit Court of Appeals. Nevertheless, on June 18, 2003, that Court denied the petitioner's request for a certificate of appealability, and dismissed his appeal. The petitioner then filed a Petition for a Writ of Certiorari in the U.S. Supreme Court. Not surprisingly, however, on March 22, 2004, the Supreme Court dismissed the petitioner's Certiorari Petition.

Now, by the instant Place Holder Motion, the petitioner asks the Court for an additional sixty days so that he can "perfect and submit the pleadings in support of the controversy to be pled . . . ." While the petitioner does not explain what type of "pleadings" he wishes to file within the next sixty days, he does attempt to argue that the one-year limitations calculation method set forth under 28 U.S.C. §2255, para. 6, subpart (3) is applicable

to his case, and that such provision entitles him to file a motion to vacate in order to press his newly recognized rights as announced in the U.S. Supreme Court case of <u>United States v. Booker</u>, 543 U.S. 220 (2005). Based upon the petitioner's citation to <u>Booker</u> and to §2255, this Court surmises that the petitioner is seeking permission to file a second motion to vacate. However, 28 U.S.C. §2244(3)(A) states that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Inasmuch as it appears that the petitioner's Place Holder Motion for additional time is calculated to lead to his filing a second motion to vacate in this Court, such Motion must be denied. To be sure, any such motion under §2255 would be considered successive, and this Court would be without authorization to consider the merits of any claims set forth therein. <u>See</u> 28 U.S.C. §2244. Therefore, if the petitioner were to file another motion to vacate, it would be subject to summary dismissal.

Moreover, to the extent that the petitioner is arguing that he should benefit from the calculation method outlined in §2255, para. 6, subpart(3) based on a new rule announced by the Supreme Court in <u>Booker</u>, he is mistaken. The Supreme Court has explained that the one-year limitations period under subpart (3) can be broken into two clauses, the latter being more significant than the former.

<u>Dodd v. United States</u>, 125 S.Ct. 2478, 2482 (2005).

In particular, the Court stated that the two clauses of subpart (3) provide that: (a) the date on which a new right was initially recognized can be used as the date from which to calculate the one-year limitations period; (b) only "if that right has been newly recognized by the Supreme Court <u>and</u> made retroactively applicable to cases on collateral review." <u>Id</u>. In other words, the second clause "imposes a condition on the applicability of the entire subsection" such that the provision does not apply at all if the newly recognized right has not been made retroactively applicable to cases on collateral review. <u>Id</u> at 2482.

Critically, the Supreme Court has not made the new rule announced in <u>Booker</u> retroactively applicable in the collateral review context. Furthermore, the Fourth Circuit has explicitly held that the rule announced in <u>Booker</u> is not retroactively applicable to cases on collateral review. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, even if this Court were to grant the petitioner's request for additional time, he simply cannot satisfy the conditions stated in 28 U.S.C. §2255, para. 6, subpart(3) because the holding which was articulated in <u>Booker</u> has not been made retroactively applicable to cases on collateral review.

Accordingly, for the above-stated reasons, the petitioner's "Place Holder Motion Challenging Subject Matter Jurisdiction

Pursuant To Title 28 U.S.C. §1331" will be **DENIED**.

    **SO ORDERED.**


                         Signed: January 30, 2006

                         Richard L. Voorhees
                         Chief United States District Judge