IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:99 CR 21

| | |
|---|---|
| **UNITED STATES,** | |
| **v.** | **ORDER** |
| **LUTHER JENKINS, IV,** | |
| **Defendant.** | |

**THIS MATTER IS** before the Court on the following motions filed by Defendant Luther

Jenkins, IV: (1) "Motion to Dismiss the Indictment Based on Defective Indictment in Violation

of Due Process Under the Fifth Amendment," (file doc. 40), filed on July 14, 2004; (2) "Motion

to Amend Argument FRCVP-15(a) Base (sic) on Pending Motion to Dismiss Indictment," (file

doc. 41), filed on April 27, 2005; (3) Letter Motion to Reconsider Sentence, (file doc. 42), filed

on July 6, 2005; (4) Letter Motion to Correct Presentence Report, (file doc. 43), filed on July 15,

2005; (5) "Petitioner's Request to Order Respondent Duces Tecum," (file doc. 45), filed on

January 31, 2006; (6) Letter Motion to Correct Sentence, (file doc. 46), filed on February 3,

2006, but dated January 18, 2005; (7) "Amendment to Petitioner's Motion to Dismiss Indictment

and to Amend Argument Pursuant to FRCVP-15(a)," (file doc. 47), filed on February 3, 2006,

but dated October 11, 2005.

On April 28, 1999, Defendant pled guilty to one count of possession with intent to

distribute cocaine base and one count of possession of a firearm during and in relation to a drug

trafficking crime. On November 3, 1999, a criminal judgment was entered, sentencing

Defendant to 262 months imprisonment, after granting the Government's motion for a downward

departure under United States Sentencing Guideline § 5K1.1. Although Defendant filed a timely

notice of appeal, he later voluntarily dismissed this appeal.  Thus, on December 2, 1999, the

Fourth Circuit Court of Appeals granted Defendant's motion to voluntarily dismiss the appeal.

Next, on January 22, 2000, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. §

2255, *Jenkins v. United States*, 3:00 CV 476.  And, on January 21, 2003, this Court dismissed the

Motion to Vacate with prejudice.  Defendant appealed that decision and the Fourth Circuit

denied the request for Certificate of Appealability on June 18, 2003.  Likewise, Defendant's

Petition for a Writ of Certiorari to the United States Supreme Court was dismissed on March 22,

2004.

Most recently, on January 18, 2006, Defendant filed a "Place Holder Motion Challenging

Subject Matter Jurisdiction Pursuant to Title 28 U.S.C. § 1331," in which he essentially sought

permission to file a second, or successive, Motion to Vacate.  This Motion was denied by this

Court in a January 30, 2006 Order.  The Court will now address the arguments in the seven

additional motions filed by Defendant in this action, much of which were also attempts to file a

successive Motion to Vacate.

### Motion to Dismiss the Indictment Based on Defective Indictment in Violation of Due Process Under the Fifth Amendment

The Court will first address the Motion to Dismiss the Indictment, pursuant to Rule

12(b)(2), (file doc. 40), and the two supporting documents labeled as Amendments to this

Motion, (file docs. 41, 47).  In this Motion, and in the Amendments, Defendant argues that his

indictment was defective because it did not allege the essential elements for each count, and that

he received ineffective assistance of counsel.

Turning first to the Defendant's argument that his indictment was defective, the Court

must examine the language of the indictment itself for Counts Two and Three, to which

Defendant pled guilty and for which he was ultimately sentenced. The language is as follows:

### Count Two

On or about January 8, 1999, in Mecklenburg County,
within the Western District of North Carolina, LUTHER JENKINS
did knowingly, willfully and unlawfully possess with intent to
distribute, a quantity of cocaine base, a Schedule II controlled
substance, in violate of Title 21, United States Code, Section
841(a)(1).

### Count Three

On or about January 18, 1999, in Mecklenburg County,
within the Western District of North Carolina, LUTHER JENKINS
during and in relation to a drug trafficking crime, to wit: possession
with intent to distribute cocaine base, for which he may be
prosecuted in a court of the United States, did knowingly use and
carry a firearm, to wit: 9mm Taurus Semi-automatic pitol (sic), in
violation of Title 18, United States Code, Sections 924(c).

Jenkins' Indictment, March 1, 1999, (file doc. 1). Specifically, Defendant alleges that the

language in the indictment is fatally deficient because it does not include a specific drug amount,

and because the sentencing statutes are not listed. Notably, on the same day that the indictment

was filed, March 1, 1999, the Government also filed an Information Pursuant to Title 21 U.S.C. §

841(b), which does set out the specific drug amounts as well as the relevant Sentencing

Guidelines.

In complaining that drug quantity was not set forth in the charging indictment, Defendant

is essentially making an argument pursuant to *Apprendi vs. New Jersey*, 530 U.S. 466 (2000),

which he cites in his Motion. As an initial matter, the Court notes that Defendant's motion is

more properly construed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28

U.S.C. § 2255, a remedy which is not properly before this Court as discussed below. In addition,

the Court questions whether Defendant's Federal Rule of Criminal Procedure 12(b)(2) [1] motion

is timely. *See United States v. Davis*, 2001 WL 735897, *1, n.1 (4th Cir.2001) (unpublished)

(*citing United States v. Wolff*, 241 F. 3d 1055 (8th Cir. 2001) (interpreting Rule 12(b)(2)

language "during the pendency of the proceedings" to extend only through direct appeal)).

Further, the Fourth Circuit Court of Appeals has held that *Apprendi* does not apply retroactively

on collateral review. *United States v. Sanders*, 247 F. 3d 139, 146-151 (4th Cir. 2001).

In any event, the Court finds that the indictment is not fatally defective. The Fourth

Circuit's opinion in *United States v. Promise*, 255 F. 3d 150 (4th Cir.2001) (*en banc*), is

controlling. The Fourth Circuit held in *Promise* that "specific threshold drug quantities" [2] are

elements of "aggravated drug trafficking offenses" [3] under 21 U.S.C. § 841 and, as such, must be

charged in the indictment and proved to the jury beyond a reasonable doubt. *Id.* at 156.

However, the failure to do so does not render a defendant's criminal conviction invalid. *Id.* at

160 ("[w]e conclude that the error was not in [the defendant's] conviction . . . [t]he problem,

---

[1] The Court will assume that Defendant is referring to Rule 12(b)(2) before the 2002 Amendments. At that time, Federal Rule of Criminal Procedure 12(b)(2) provided for pretrial motions alleging defects in the indictment. That section is now contained in Rule 12(b)(3)(B), which as part of the motions that "must be raised before trial," provides: "a motion alleging a defect in the indictment or information–but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." The substance of the Rule has not changed, as the prior version in Rule 12(b)(2) contained similar language stating that the motion could be brought at anytime "during the pendency of the proceedings." Accordingly, the Court notes that the provision has changed from 12(b)(2) to 12(b)(3)(B), but the substance has not and thus, "while the case is pending" will be interpreted the same way that "during the pendency of the proceedings" has been interpreted by the Fourth Circuit.

[2] "Specific threshold drug quantities" are defined as those quantities of drugs set forth in 21 U.S.C.A. § 841(b)(1)(A), (b)(1)(B), a finding of which subjects a defendant to a sentence of ten years to life imprisonment (§841(b)(1)(A)) or five to forty years imprisonment (§841(b)(1)(B)). *Promise*, 255 F. 3d at 152, n.1.

[3] The Fourth Circuit defined an "aggravated drug trafficking offense" as one that involves a specific threshold drug quantity. *Promise*, 255 F. 3d at 152, n.1.

4

therefore, lies with [the defendant's] sentence"). In other words, if the indictment were deemed to be deficient, *a sentence above the statutory maximum* would not be authorized and the appropriate remedy would be to limit punishment to the lowest statutory range provided by the statute. In the instant case, not only did the Defendant receive a sentence below the statutory maximum, but he stipulated to drug quantity in his Plea Agreement (at least 50 but not in excess of 150 grams). For Count Two, Defendant was sentenced to 202 months, an amount below the statutory maximum of 20 years. 21 U.S.C. § 841(c). Therefore, even if the Court deemed Defendant's Rule 12(b)(2) claim timely, he would not be entitled to the relief he requests.

Next, the Court notes that both Defendant's *Apprendi* claim and his ineffective assistance of counsel claim amount to successive collateral review applications, over which this Court has no jurisdiction. *See United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003). A motion attacking a prisoner's conviction or sentence generally amounts to a successive application. *Id.*

This Court possesses no jurisdiction over a successive application, such as the one Defendant is attempting to bring here. A successive motion under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of judges with the Fourth Circuit Court of Appeals. 28 U.S.C. § 2255. In order to be certified, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Further, only after a three-judge panel at the Fourth Circuit makes the determination that the motion has satisfied the above requirements is a district court authorized

to consider a successive application. 28 U.S.C. § 2244(b)(3).

Defendant has not filed a motion with the Fourth Circuit to allow him to file a successive application. Accordingly, this Court has no authority to entertain the arguments that Defendant makes here. Defendant's Motion will be denied.

### Motions to Reconsider or Correct Sentence and Presentence Report

Next, the Court will address Defendant's Letter Motion to Reconsider Sentence, (file doc. 42), Letter Motion to Correct Presentence Report, (file doc. 43), and his Letter Motion to Correct Sentence, (file doc. 46). With these three letter Motions, Defendant again attacks his conviction and sentence, and, as stated above, this amounts to a successive application under Section 2255, over which this Court has no jurisdiction.

Further, Defendant cites to the newly recognized rights as announced in the United States Supreme Court case of *United States v. Booker*, 543 U.S. 220 (2005). The Court will refer to its January 30, 2006 Order in this case for a more detailed analysis of why *Booker* does not create a new right under which Defendant may file a Section 2255 application outside of the one-year statute of limitations, not forgetting the fact that Defendant has not received permission from the Fourth Circuit to file a successive Section 2255 application. In short, the Fourth Circuit has explicitly held that the rule announced in *Booker* is not retroactively applicable to cases on collateral review. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). Accordingly, Defendant's letter Motions will be denied.

### "Petitioner's Request to Order Respondent Duces Tecum"

Finally, the Court will address "Petitioner's Request to Order Respondent Duces Tecum," (file doc. 45). In this Motion Defendant cites to Federal Rule of Civil Procedure 30, and

although the intent of the Motion is not clear, it appears as though Defendant is attempting to use this Motion as a "place holder" for a "Motion for Writ of Habeas Corpus For Immediate Release, and Judicial Review of Administrative Record." (Def.'s Mot. at 2.) Later, Defendant states that "presently before this Court is his pleadings entitled 'Petitioner's Motion for Writ of Habeas Corpus for Immediate Release, and Judicial Review of Administrative Record." (Def.'s Mot. at 2.) The Court notes that there is no such Motion currently before this Court. Further, Defendant states that "the crux of Petitioner's argument(s) are therein inscribed the Criminal Judgment & Commitment Order and Statement of Reasons in the above captioned case number." (Def.'s Mot. at 2.) Aside from a substantive description of Fed. R. Civ. P. 30, this is the essence of this Motion. The Court finds that Defendant is improperly attempting to bring this Motion pursuant to the Federal Rules of *Civil* Procedure, which are inapplicable to a criminal matter. Further, as noted above, the Defendant has thoroughly exhausted his appeal options. Accordingly, the Court will deny this Motion.

### Conclusion

**IT IS THEREFORE ORDERED** that Defendant's "Motion to Dismiss the Indictment Based on Defective Indictment in Violation of Due Process Under the Fifth Amendment," (file doc. 40), "Motion to Amend Argument FRCVP-15(a) Base on Pending Motion to Dismiss Indictment," (file doc. 41), and his "Amendment to Petitioner's Motion to Dismiss Indictment and to Amend Argument Pursuant to FRCVP-15(a)," (file doc. 47), are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Letter Motion to Reconsider Sentence, (file doc. 42), Letter Motion to Correct Presentence Report, (file doc. 43), and his Letter Motion to Correct Sentence, (file doc. 46), are hereby **DENIED**.

**IT IS FURTHER ORDERED** that "Petitioner's Request to Order Respondent Duces

Tecum," (file doc. 45), is hereby **DENIED**.

Signed: February 7, 2006

Richard L. Voorhees
Chief United States District Judge