IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:99 CR 21

| | |
|---|---|
| **UNITED STATES,** | |
| **v.** | **ORDER** |
| **LUTHER JENKINS, IV,** | |
| **Defendant.** | |

**THIS MATTER IS** before the Court on Defendant Luther Jenkins, IV's "Motion for Reconsideration under 59(e) to Petitioner's Pleadings in Traverse to Court's order denying Motion to Dismiss Indictment Based on Defective Indictment under the Fifth Amendment," (file doc. 59), filed on March 14, 2006.

On April 28, 1999, Defendant pled guilty to one count of possession with intent to distribute cocaine base and one count of possession of a firearm during and in relation to a drug trafficking crime. On November 3, 1999, a criminal judgment was entered, sentencing Defendant to 262 months imprisonment, after granting the Government's motion for a downward departure under United States Sentencing Guideline § 5K1.1. Although Defendant filed a timely notice of appeal, he later voluntarily dismissed this appeal. Thus, on December 2, 1999, the Fourth Circuit Court of Appeals granted Defendant's motion to voluntarily dismiss the appeal.

Next, on January 22, 2000, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, *Jenkins v. United States*, 3:00 CV 476. And, on January 21, 2003, this Court dismissed the Motion to Vacate with prejudice. Defendant appealed that decision and the Fourth Circuit denied the request for Certificate of Appealability on June 18, 2003. Likewise, Defendant's Petition for a Writ of Certiorari to the United States Supreme Court was dismissed on March 22,

2004.

Defendant has filed numerous motions over the past few years, but in the one before the Court today he seeks to have the Court reconsider its Order of February 7, 2006, in which the Court found that Defendant's indictment was not defective. Defendant seeks this reconsideration pursuant to "59(e)," presumably Federal Rule of Civil Procedure 59(e). This rule provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). First, this is a *criminal* proceedings, and the *civil* rules are inapplicable. Second, Defendant's motion is not timely under the provisions of Rule 59(e). However, even considering these errors, the Court will address the substance of Defendant's motion.

The Defendant argues that the Court erred by allowing the Government to constructively amend the indictment through the filing of an Information on the same day. However, the Court did not even consider the possibility that the indictment was constructively amended by the Information in its February 7, 2006 Order. Although the fact of the filing of the Information was mentioned in the Order, the finding that the indictment was not fatally defective was entirely independent of the Information. In other words, even if the Information had never been filed in this action, the Court's February 7, 2006 Order would not have changed. Further, as the Court stated in that Order, any collateral attack of Defendant's conviction or sentence should be made through a 28 U.S.C. § 2255 motion, and in order to do so Defendant must receive permission from the Fourth Circuit to file a successive motion.

**IT IS THEREFORE ORDERED** that Defendant's "Motion for Reconsideration under 59(e) to Petitioner's Pleadings in Traverse to Court's order denying Motion to Dismiss

2

Indictment Based on Defective Indictment under the Fifth Amendment," (file doc. 59), is hereby

**DENIED**.

Signed: April 27, 2006

Richard L. Voorhees
Chief United States District Judge