# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:99cr21

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LUTHER JENKINS. ) | |

**THIS MATTER** is before the Court on the following *pro se* pleadings filed by the Defendant:

1. Motion to Dismiss Indictment, F.R.CV.P. - 15(a) [Doc. 64, filed May 9, 2006];

2. Motion for the Production of Transcripts, Pursuant to 28 U.S.C. §2250 [Doc. 68, filed August 8, 2006];

3. Motion for Relief pursuant to Federal Rules of Civil Procedure, Rule 60(b)(4) [Doc. 70, filed January 23, 2007];

4. Motion to Show Cause [Doc. 72, filed May 18, 2007];

5. Motion to Show Cause [Doc. 73, filed May 21, 2007];

6. Letter [Doc. 76, filed February 25, 2008];

7. Motion to Reduce Imposed 60 Month Sentence pursuant to 18 U.S.C. 3582(c)(2), Based upon Retroactive Amendment 599, *etc*. [Doc. 77, filed February 26, 2008];

8. Letter [Doc. 78, filed March 5, 2008];

9. Defendant's *Pro Se* Motion for Modification of Term of Imprisonment under Title 18 U.S.C §3582(c)(2) and U.S.S.G. §1B1.10 [Doc. 79 & Doc. 80, filed April 4, 2008]; and

10. Motion to Reduce Imposed 60 Month Sentence Pursuant to 18 U.S.C. §3582(c)(2), Based upon Retroactive Amendment 599, *etc*. [Doc. 86, filed April 23, 2009].

In addition to these motions, on May 1, 2009, court-appointed counsel filed a Motion for Reduction of Sentence [Doc. 88]. In response, the Government moved for an extension of time within which to respond to that motion. [Doc. 89, filed May 11, 2009].

## PROCEDURAL HISTORY

On March 1, 1999, the Defendant was charged with two counts of possession with intent to distribute cocaine base and one count of using and carrying a firearm during a drug trafficking crime. [Doc. 1]. On March 26, 1999, the Government filed an Information pursuant to Title 21, U.S.C. §851 disclosing the Defendant's two prior felony drug convictions. [Doc. 9].

As a result of these prior convictions, the Defendant faced a mandatory minimum sentence of ten years imprisonment for the drug charges and a consecutive five year sentence for the firearms charge. 21 U.S.C. §841(b)(1)(B); 18 U.S.C. §924(c).

The Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to one drug charge and the firearms charge. [Doc. 12]. On November 3, 1999, the Defendant was sentenced to 202 months imprisonment for the drug charge followed by a 60 month consecutive sentence for the firearms charge. [Doc. 23]. The Defendant's appeal from that sentence was dismissed by the United States Fourth Circuit Court of Appeals. [Doc. 24].

In January 2000, the Defendant filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence. [Doc. 35]. That motion was denied and the Defendant's appeal from that denial was dismissed by the Fourth Circuit. United States v. Jenkins, 66 Fed.Appx. 515 (4th Cir. 2003).

The docket discloses that the Defendant has been a prolific filer. In addition to his motion to vacate, he has moved for copies of documents, for leave to proceed *in forma pauperis*, for a downward departure, for the return of property, for copies of transcripts, to dismiss the indictment, to

reconsider his sentence, for the issuance of a subpoena *duces tecum*, to correct sentence, to dismiss the indictment pursuant to the Fifth Amendment, and for a certificate of appealability. He has appealed some of the orders denying these motions, to no avail. See, United States v. Jenkins, 193 Fed.Appx. 192 (4th Cir. 2006) (affirming denial of motion to dismiss for lack of subject matter jurisdiction); Jenkins v. Dalius, 71 Fed.Appx. 992 (4th Cir. 2003) (dismissing frivolous appeal); United States v. Jenkins, 66 Fed.Appx. 515 (denying certificate of appealability as to order denying §2255 motion).

This case has now been reassigned to the undersigned. At the time of reassignment, there were ten pending motions which will be addressed chronologically.

**DISCUSSION**

**Motion to dismiss the indictment.**

On March 14, 2006, the Defendant moved the sentencing court to reconsider its February 7, 2006 Order denying his motion to dismiss the indictment. [Doc. 59]. The motion to reconsider was denied on April 27, 2006 in an order which addressed and refuted the Defendant's contention that the indictment was fatally defective because it did not contain specific

drug quantities. [Doc. 63].

Undetered, the Defendant filed the pending motion, which is virtually identical, less than a month later. The Defendant variously argues for reconsideration of the April 27, 2006 Order and dismissal of the indictment as fatally defective because the drug quantities were not alleged.

A ruling on the motion has been previously made and the law of the case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided" unless the initial decision was clearly erroneous. Spencer v. Earley, 278 Fed.Appx. 254 (4th Cir. 2008), *quoting* Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). The Court's prior ruling, however, was not erroneous. In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that other than a prior conviction, any fact that increases the statutory maximum penalty for a crime must be submitted to the jury and proven beyond a reasonable doubt. Due to his prior felony drug conviction, the Defendant already faced a statutory maximum sentence of life imprisonment. Thus, the drug quantities in questions did not increase the statutory maximum, and therefore no allegation in the indictment or jury finding were necessary under Apprendi.

Moreover, the Fourth Circuit has held that Apprendi may not be applied retroactively to cases on collateral review. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), *certiorari denied* 537 U.S. 938, 123 S.Ct. 46, 154 L.ed.2d 242 (2002). This motion is therefore denied.

**Motion for transcripts.**

On March 9, 2006, the Defendant filed a motion for the production of transcripts pursuant to 28 U.S.C. §2250.[1] [Doc. 57]. On August 3, 2006, that motion was denied in an Order which addressed the Defendant's contentions and explained in detail why he was not entitled to transcripts at government expense. [Doc. 67]. On August 8, 2006, the Defendant re-filed the motion for transcripts. The motion is identical to the one denied previously and it appears to have been filed because the Defendant had not received the ruling of August 3, 2006.

As previously noted, the ruling that the Defendant is not entitled to transcripts at government expense remains the law of the case. Spencer, 278 Fed.Appx. 254. By statute, a defendant may not obtain transcripts of proceedings in his case at government expense unless this Court "certifies

---

[1] This statute provides that an indigent habeas petitioner is entitled to transcripts at government expense. The Defendant, however, is not a habeas petitioner.

6

that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. §753(f). Although the Defendant seeks transcripts from his Rule 11 and sentencing hearings in order to show "plain error and constitutional defects," there is no pending suit or appeal pertaining to such issues. In addition, the Defendant has not alleged in what manner these hearings were defective.

Federal inmates are not entitled to transcripts at Government expense for collateral attacks on their convictions absent some showing of a particularized need. United States v. MacCollom, 426 U.S. 317, 326-27, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); United States v. Redd, 2009 WL 689894 (4th Cir. 2009); United States v. Hamlett, 128 Fed.Appx. 320 (4th Cir. 2005), *quoting* United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963) (An indigent is not entitled to a transcript at government expense without a showing of need, "merely to comb the record in the hope of discovering some flaw.").

To the extent that the Defendant attempts to relitigate the previous denial of this motion, his motion is moot. The previous ruling was not erroneous and remains the law of the case. Spencer, 278 Fed.Appx. 254.

**Motion for relief pursuant to Fed.R.Civ.P. 60(b)(4).**

In the next motion, the Defendant claims that the sentencing court had no jurisdiction to enter judgment against him and thus, the criminal conviction is void. "The Petitioner seeks relief pursuant to *Federal Rules of Civil Procedure*, Rule 60(b)(4) against the judgment entered by this Honorable Court on November 3, 1999." [Doc. 70, at 2]. Thus, the Defendant seeks to attack his criminal conviction through the Rule of Civil Procedure which provides that a court may relieve a party from a final judgment which is void. Fed.R.Civ.P. 60(b)(4).

"Federal Rule of Civil Procedure 60(b), the rule under which [the Defendant] brought his motion, does not grant th[is] court power to revise his sentence; it permits relief from civil judgments due to [voidness]." United States v. Dahlman, 61 Fed.Appx. 253, 255 (7th Cir. 2003); United States v. Knight, 2009 WL 549361 **2 (3rd Cir. 2009) ("The Federal Rules of Civil Procedure are not applicable to criminal cases, and the District Court's denial of Knight's motion under Rule 60(b) was proper."). "Rule 60(b) does not provide for relief from a judgment in a criminal case." United States v. Whisby, 2009 WL 1028033 (11th Cir. 2009), *citing* United States v. Fair, 326 F.3d 1317 (11th Cir. 2003). As a result, the undersigned does not have jurisdiction to consider this motion. Id.; *accord*, United

8

States v. Edge, 2009 WL 485049 (10th Cir. 2009) ("Nor is Rule 60(b) an independent source of jurisdiction in a criminal case."); United States v. McDorman, 305 Fed.Appx. 187, 189 (5th Cir. 2008); United States v. Hayes, 282 Fed.Appx. 281 (4th Cir. 2008). For these reasons this motion will be denied.

**Motions to Show Cause.**

On May 18, 2007, the Defendant filed a "Motion to Show Cause," [Doc. 72]. On May 21, 2007, he filed the identical pleading a second time. [Doc. 73]. The only difference between the two documents is that the Defendant filed attachments with the second document. In this motion, he argues that the Government should be forced to show cause why it held him accountable for a different amount of drugs than the amount to which he agreed in the plea agreement, thus breaching that agreement.

This motion is based on the Defendant's argument that he pled guilty to Count Two of the indictment, a charge stemming from his sale on January 8, 1999 of cocaine base to an undercover officer. That County, however, did not allege the specific quantity of cocaine base involved in the crime. The Government filed a bill of information charging that the Defendant's crime in Count Two involved in excess of 5 grams of cocaine

9

base. [Doc. 2]. In the plea agreement, which the Defendant signed and to which he allocuted, the amount of cocaine base was specifically stated to be at least 50 but not in excess of 150 grams. [Doc. 12 at 2]. It is on the basis of that range of drug quantities, to which the Defendant expressly agreed, that the Defendant was sentenced.

The Defendant argues that the Government combined the drug quantities in Counts One and Two to achieve more than 50 grams, and that he only pleaded guilty to Count Two. As noted above, the Defendant specifically agreed in the plea agreement that Count Two involved more than 50 grams but less than 150 grams of cocaine base. He also agreed in the plea agreement that the Court could consider the dismissed count, Count One, as relevant conduct. [Doc. 12, at 1]. Moreover, the Defendant raised this same issue in his motion pursuant to 28 U.S.C. §2255 and the sentencing court rejected that claim. [Doc. 36, at 14 ("[I]nasmuch as the law is clear that a petitioner may be sentenced on the basis of drug quantities which pertain to dismissed counts when such amounts were relevant to the count of conviction, this claim simply is meritless.")]. This ruling remains the law of the case and there is no merit to the motion. This motion of the Defendant will, therefore, be denied.

**Letter claiming the Defendant's presentence report is inaccurate.**

On February 25, 2008, the Defendant wrote to the Clerk of Court asking that his letter be construed as a motion to correct inaccurate information contained within his presentence report. [Doc. 76]. Attached to the letter are copies of letters written by the Defendant's case manager at the Bureau of Prisons (BOP) to his Probation Officer explaining the Defendant's concerns and a copy of the Probation Officer's response to the BOP explaining that the Defendant's presentence report was accurate. The Defendant did not make any argument or explain in what manner his presentence report was inaccurate; he simply attached copies of the letters to his own letter. How this constitutes a motion for relief, or what relief is sought, is not otherwise explained.

Moreover, the Defendant previously raised this issue and it was rejected by the sentencing court. [Doc. 48]. That ruling remains the law of the case, and therefore the Defendant's letter motion will be denied.

**Motions to reduce the consecutive sentence.**

On February 26, 2008 and April 23, 2009, the Defendant filed identical documents moving pursuant to 18 U.S.C. §3582(c)(2) to reduce his sentence based on Amendment 599 of the United States Sentencing

Guidelines, effective November 1, 2000. [Doc. 77; Doc. 86]. Amendment 599, made retroactive by the Commission, amended U.S.S.G. §2K2.4 and states:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 ... .
>
> Amendment 599 eliminated [the Defendant's] two-level enhancement for firearm possession [in connection with his drug charge] because the firearm originally used to enhance his sentence had also been a part of the offense that constitute his §924(c) conviction.

United States v. Hicks, 472 F.3d 1167, 1167-68 (9th Cir. 2007). According to the Defendant, his offense level in connection with Count Two, the drug count, was enhanced due to his use of a gun during the drug offense. That enhancement, he argues, was erroneous after the retroactive amendment.

The Defendant, however, was sentenced as a career offender. [Doc. 23, at 11]. Because he was sentenced as a career offender, "the specific offense characteristics of his underlying offense [became] immaterial." United States v. Hickey, 280 F.3d 65, 69 (1st Cir. 2002), *certiorari denied*

12

537 U.S. 855, 123 S.Ct. 212, 154 L.Ed.2d 90 (2002). "[A] sentencing court has no authority to entertain a sentence reduction motion under section 3582(c)(2) when the guideline amendment in question does not affect the guideline sentencing range actually used by the sentencing court." United States v. Caraballo, 552 F.3d 6, 11 (1st Cir. 2008), *certiorari denied* __ S.Ct. __, 2009 WL 666561 (2009). See also, United States v. Hood, 556 F.3d 226 (4th Cir. 2009). Because the Defendant's sentence was based on the career offender offense level and the resulting sentencing range, not the offense levels and sentencing ranges for the drug offense, relief under §3582(c)(2) is unavailable to him. Id.; United States v. Coleman, 2007 WL 390347 (W.D.Va. 2007). "In sum, [the Defendant's] original sentence was based not on Guidelines calculations of the quantity of crack cocaine or the Commentary to Guideline 2K2.4, but upon the fact that he was a career offender and used a firearm in connection with a drug trafficking crime. His career offender status is what drove the Guidelines range, not the Guidelines calculations for crack cocaine." United States v. Cruz, 2008 WL 2967527 (D.Me. 2008); *accord*, United States v. Jones, 259 Fed.Appx. 554 **1 (4th Cir. 2007); United States v. Atwell, 172 Fed.Appx. 266 (11th Cir. 2006). These motions are denied as well.

**Letter of February 27, 2008.**

This letter, although docketed as a motion, does not actually seek any legal relief. It is merely a request to the sentencing judge for leniency.

**Motion to reduce sentence based on the crack cocaine amendment.**

On April 4, 2008, the Defendant filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) based on Amendment 706, the so-called crack cocaine amendment. [Doc. 79]. The Clerk of Court erroneously docketed the motion a second time as Document 80. On April 10, 2008, the Defendant filed notice of his withdrawal of the motion. [Doc. 81]. As a result, the Court will not consider the motion.

It is worth noting, however, that due to the Defendant's career offender designation, application of the crack cocaine amendment would not change his guideline range and the Court may not reduce his sentence pursuant to §3582(c)(2). United States v. Thompson, 2009 WL 1144036 (4th Cir. 2009); United States v. Hood, 556 F.3d 226 (4th Cir. 2009).

**The motion for reduction of sentence filed through counsel.**

Finally, on May 1, 2009, the Defendant, this time acting through counsel, moved for a sentence reduction pursuant to the crack cocaine

amendment (Amendment 706), arguing that the two level reduction in offense level should be applied to the Defendant's offense level which resulted from the Government's motion pursuant to U.S.S.G. §5K1.1. Counsel acknowledges that recent circuit precedent forecloses this argument, citing <u>United States v. Lindsey</u>, 556 F.3d 238 (4th Cir. 2009). The Defendant's offense level and sentencing range at the time he was sentenced, rather than his post-departure offense level, applies in determining whether a sentence reduction is authorized pursuant to §3582(c)(2). <u>Id</u>. The Defendant is not entitled to any relief, and thus the motion will be denied.

**The Government's motion for an extension of time.**

In view of the Court's ruling that the Defendant is not entitled to any relief pursuant to the crack cocaine amendment, the Government's motion for an extension of time within which to respond is moot.

**Future filings.**

As has been noted, the Defendant has been a prolific filer, often filing the same document more than once. Most of the filings addressed in this decision were frivolous, lacking any basis in law or fact. Prisoners do not

have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. Demos v. Keating, 33 Fed.Appx. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001), *certiorari denied* 535 U.S. 956, 122 S.Ct. 1362, 152 L.Ed.2d 357 (2002); *In re* Vincent, 105 F.3d 943 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). "It is well-established law in this circuit that a district court may establish a system of 'pre-filing review of complaints brought by prisoners with a history of litigiousness.'" In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citation omitted).

The Defendant is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods North America, Inc., 390 F.3d 812 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); *In re* Joseph Marion Head, 19 F.3d 1429 (4th Cir. 1994), *certiorari denied* 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994). Thereafter, if such writings persist, the pre-filing system may be

modified to include an injunction from filings. See, 28 U.S.C. §1651(a); <u>In re Martin-Trigona</u>, 737 F.2d 1254 (2d Cir. 1984).

## ORDER

**IT IS, THEREFORE, ORDERED** that the following pleadings filed by the Defendant in a *pro se* capacity are hereby **DENIED**:

1. Motion to Dismiss Indictment, F.R.CV.P. - 15(a) [Doc. 64];

2. Motion for the Production of Transcripts, Pursuant to 28 U.S.C. §2250 [Doc. 68];

3. Motion for Relief pursuant to Federal Rules of Civil Procedure, Rule 60(b)(4) [Doc. 70];

4. Motion to Show Cause [Doc. 72];

5. Motion to Show Cause [Doc. 73];

6. Letter [Doc. 76];

7. Motion to Reduce Imposed 60 Month Sentence pursuant to 18 U.S.C. 3582(c)(2), Based upon Retroactive Amendment 599, *etc*. [Doc. 77];

8. Letter [Doc. 78];

9. Defendant's *Pro Se* Motion for Modification of Term of Imprisonment under Title 18 U.S.C §3582(c)(2) and U.S.S.G. §1B1.10 [Doc. 79 &

Doc. 80]; and

10. Motion to Reduce Imposed 60 Month Sentence Pursuant to 18 U.S.C. §3582(c)(2), Based upon Retroactive Amendment 599, *etc*. [Doc. 86].

**IT IS FURTHER ORDERED** that the Defendant's Motion for Reduction of Sentence [Doc. 88], filed through counsel, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Extension of Time [Doc. 89] is hereby **DENIED** as moot.

Martin Reidinger
United States District Judge

Signed: June 16, 2009