# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:99cr21

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LUTHER JENKINS IV. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Correct Inaccurate Information in the Pre-Sentence (PSR) Based upon Amendment 709, under 4A1.(f) (Multiple Sentence), U.S.S.G. Manual November 1st 2007 3582(c)(2)." [Doc. 101].

## PROCEDURAL HISTORY

On March 1, 1999, the Defendant was charged with two counts of possession with intent to distribute cocaine base and one count of using and carrying a firearm during a drug trafficking crime. [Doc. 1]. On that same date, the Government filed an information alleging that the amount of cocaine base involved in each count was in excess of 5 grams. [Doc. 2]. On March 26,

1999, the Government filed an Information pursuant to Title 21, U.S.C. §851 disclosing the Defendant's two prior felony drug convictions. [Doc. 9]. As a result of these prior convictions, the Defendant faced a mandatory minimum sentence of ten years imprisonment for the drug charges and a consecutive five year sentence for the firearms charge. 21 U.S.C. §841(b)(1)(B)(iii); 18 U.S.C. §924(c).

The Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to the drug charge in Count Two and the firearms charge in Count Three. [Doc. 12]. On November 3, 1999, the Defendant was sentenced to 202 months imprisonment for the drug charge followed by a 60 month consecutive sentence for the firearms charge. [Doc. 23]. The Defendant's appeal from that sentence was dismissed by the United States Fourth Circuit Court of Appeals on his motion. [Doc. 24].

In January 2000, the Defendant filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence. [Doc. 35]. That motion was denied and the Defendant's appeal from that denial was dismissed by the Fourth Circuit. United States v. Jenkins, 66 Fed.Appx. 515 (4th Cir. 2003).

In March 2008, the Defendant's case was reassigned to the undersigned. On June 16, 2009, the Court denied twelve motions which had been filed by the Defendant between August 2006 and May 2009. [Doc. 93].

2

The Defendant appealed those rulings but filed the extant motion while the appeal was pending. On March 3, 2010, the Fourth Circuit affirmed the denials. [Doc. 102].

## DISCUSSION

In this motion, the Defendant claims he is entitled to relief pursuant to 18 U.S.C. §3582(c)(2) because Amendment 709 to the Sentencing Guidelines, U.S.S.G. App. C, Supp., Amend. 709 (revising U.S.S.G. §§4A1.1(f); 4A1.1(a)(2)), concerning the computation of criminal history points, applies to him. However, an amendment to the Guidelines may be applied retroactively only when it is expressly listed in U.S.S.G. §1B1.10(c). United States v. Dunphy, 551 F.3d 247, 249 n.2 (4th Cir. 2009), *certiorari denied* 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009); United States v. Holmes, 2009 WL 3138859 **1 (4th Cir. 2009). Amendment 709 is not listed in U.S.S.G. §1B1.10(c) and therefore may not be applied retroactively to the Defendant's case. See also, United States v. McLean, 323 Fed.Appx. 289 (4th Cir. 2009); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004) (only amendments listed in §1B1.10 may be the subject of a motion under 18 U.S.C. §3582(c)(2)).

Although not clear, the Defendant may be attacking the computation of his criminal history on grounds other than Amendment 709. To the extent that

3

he may be doing so, the Defendant may not use the guise of a motion pursuant to 18 U.S.C. §3582(c)(2) to collaterally attack his sentence. "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that before a second or successive motion or petition is filed, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). The Defendant may not avoid AEDPA's requirements for filing a second or successive §2255 motion by filing a motion pursuant to 18 U.S.C. §3582(c)(2). United States v. Howie, 283 Fed.Appx. 994 (4th Cir. 2008); Alonzo v. United States, 2010 WL 750074 **1 (4th Cir. 2010) (discussing motion for writ of *audita querela*).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Correct Inaccurate Information in the Pre-Sentence (PSR) Based upon Amendment 709, under 4A1.(f) (Multiple Sentence), U.S.S.G. Manual November 1st 2007 3582(c)(2)" [Doc. 101] is hereby **DENIED**.

Signed: April 29, 2010

Martin Reidinger
United States District Judge

4