UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:99-cr-00021-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **LUTHER JENKINS IV,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3482(c)(2) and 28 U.S.C. 994(u) (#120). Despite having filed an earlier Motion to Reduce Sentence re Crack Cocaine Offense 18:3582 (#113), and the court having denied that motion in its Order (#115), defendant argues that the

> Defendant[']s Federal Defender lawyer stated in document 113 'According to the Supplemental Pre-Sentence Report, defendant is 'eligible' for a sentence reduction and respectfully request[s] that the court grant the motion.['] How retroactive is the New law? Fully? Or only partially, just covering a majority of those wrongly sentenced?

Motion (#120) at 3. While counsel for defendant stated that the Supplemental PSR recommended relief, review of the PSR reveals no such recommendation.

> **Revised Sentence of Imprisonment:**
> No reduction (no change), as the defendant is a career offender. After applying Amendment 750, there was no change in the total offense level or guideline range in Count Two.

Supp. PSR at 2.

Independently, this court addressed whether defendant was entitled to relief in its Order(#115), holding that "[d]ue to the defendant's classification as a Career Offender, there is

1

no change in the guideline calculations and Amendment 750 is not applicable in this case." Order (#115) at 1. Thus, the court determined that defendant was not entitled to any relief.

Taking defendant's motion as one for reconsideration, under amended Section 2D1.1(c) of the Advisory Sentencing Guidelines, defendant remains a career offender. Under Section 4B1.1, his adjusted offense level remains a level 37 and his total offense level, after a three-level reduction for acceptance of responsibility, remains a level 34, yielding an applicable range of imprisonment of between 262 and 327 months, which is the same advisory range as that applied during defendant's original sentencing proceeding. Thus, Amendment 750 does not lower defendant's sentencing range, and he is not eligible for a reduction in his sentence under Amendment 750.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3482(c)(2) and 28 U.S.C. 994(u) (#120), considered a Motion for Reconsideration, is **DENIED**.

Signed: October 8, 2013

Max O. Cogburn Jr.
United States District Judge